**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY LAI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 7151 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CITY OF CHICAGO and CHRIS BLUM, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Henry Lai, an Asian Chicago Police Department ("CPD") detective, filed this

lawsuit against Defendants the City of Chicago (the "City") and Chris Blum, a CPD sergeant.  In

his amended complaint, Lai brings claims of harassment and discrimination on the basis of his

Asian race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000e *et seq.*, and 42 U.S.C. § 1983.  He seeks to proceed against the City on the Title VII

claims and against both Defendants on the § 1983 claim.  Defendants filed a motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court grants in part and denies

in part.  Because Lai's harassment allegations do not reach the level of severity necessary to meet

the pleading standard for a hostile work environment, the Court dismisses Lai's harassment

claims.  Furthermore, the Court dismisses Lai's discrimination claims based on his attempted

demotion as statutorily time-barred and his retaliation claims as insufficiently pleaded.  The

Court does allow Lai to proceed on his suspension-based discrimination claims against the City

pursuant to Title VII, but not § 1983, and against Blum pursuant to § 1983.

## BACKGROUND[1]

CPD hired Lai, an Asian male, as a police officer on September 1, 2010. In April 2019, CPD promoted Lai to the rank of detective. CPD assigned him to CPD Area 1 in July 2019. Subsequently, at the request of several members of the public, CPD assigned Lai to its First District Robbery/Burglary/Theft Team.

Beginning in October 2019, Blum, the CPD sergeant overseeing Lai's work, acted in a discriminatory manner toward Lai because of his Asian race. In August or September 2021, Blum demanded that Lai's superiors demote Lai and send him back to the patrol unit. In September 2022, Blum called Lai to his office and, in front of newly appointed detectives, told Lai to "hurry up and finish [his] rice." Doc. 38 ¶ 9. Blum also falsely stated to the new detectives that Lai was also a new detective and did not know much. In November 2022, in the presence of other detectives, Blum yelled at Lai, calling him "incompetent" and saying he "had no fucking business being a Detective." *Id.*

On August 24, 2023, Blum falsely accused Lai of arriving late to work and of lying about the time he came to work and the reasons for that lateness to Lai's superior officers. Blum did not make similar accusations against other officers who came to work late. On August 27, 2023, Blum suspended Lai from his job duties for three days for tardiness and conduct unbecoming of a police officer. Blum knew, however, that he based the suspension on false accusations.

Lai reported Blum's harassment to his immediate superior on multiple occasions. He also complained to two lieutenants about Blum's behavior. CPD took no action to provide Lai with any relief from Blum's harassment.

---

[1] The Court takes the facts in the background section from the amended complaint and the exhibits attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

Lai filed a charge of discrimination against CPD with the Equal Employment

Opportunity Commission ("EEOC") on May 13, 2024, alleging harassment, discrimination, and

retaliation in violation of Title VII.  The EEOC issued Lai a notice of right to sue on May 17,

2024.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not

its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

1990).  In considering the Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts

in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's

favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).  To survive a Rule

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to

the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v.

Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th

Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.      **Title VII Claims**

   A.      **Harassment**

The Court first turns to the City's argument that Lai's harassment claim cannot proceed

because he bases it on actions that occurred over 300 days before he filed his EEOC charge.  A

plaintiff in Illinois must file an EEOC charge within 300 days of the alleged unlawful

employment practice, with a plaintiff's failure to do so rendering the claim untimely.  42 U.S.C.

§ 2000e-5(e)(1); *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). The City asserts that Lai presents only two instances of alleged harassment: (1) that Blum made a racist statement on September 20, 2022, and (2) that Blum publicly yelled at Lai on November 21, 2022. Lai filed his administrative charge with the EEOC on May 13, 2024, which places these two instances outside the 300-day period.

Although plaintiffs must file an EEOC charge within 300 days of the unlawful employment action at issue, for a harassment claim, the Court may consider the entirety of an employer's behavior to assess the plausibility of the claim as long as one contributing act took place within the statutory period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.' . . . Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." (citation omitted)). Lai posits that Blum also suspended him from work on August 27, 2023, which falls within the 300-day period. Unfortunately for Lai, however, he cannot use his suspension as the anchor for his harassment claim because the suspension amounts to a discrete act. *See Novotny v. Plexus Corp.*, No. 13-cv-05881, 2017 WL 1093161, at *6 (N.D. Ill. Mar. 23, 2017) (plaintiff's termination, a discrete act, did not contribute to his hostile work environment claim and so plaintiff could not rely on it to make that claim timely); *Wallin v. THC-Chicago, Inc.*, No. 99 C 3173, 2004 WL 2535283, at *7 (N.D. Ill. Sept. 23, 2004) ("[H]er firing was not an act creating a hostile environment but was (allegedly) an example of disparate treatment between her and the male doctor. It therefore is not part of the same hostile environment claim."). That said, Lai also alleges that Blum made false accusations against him on August 24, 2023 and harassed him on

4

other occasions.  Because the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and the potential exists that Lai experienced harassment within the 300-day period before he filed his EEOC charge, the Court will not dismiss the harassment claim on this basis.

That said, the Court does not find that Lai has sufficiently pleaded a harassment claim. "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)).  To state a harassment claim, a plaintiff must allege that (1) he was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) a basis exists for employer liability.  *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015).  The City argues that Lai has not pleaded severe or pervasive harassment.

For purposes of a harassment claim, the "harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005).  This includes both subjective and objective components.  *Harris*, 510 U.S. at 21.  To determine whether a workplace is objectively hostile, the Court considers "the totality of the circumstances, including: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017) (quoting *Harris*, 510 U.S. at 23).

5

In his amended complaint, Lai alleges that over the course of two years, Blum made a racist statement in front of his colleagues, demeaned him by calling him incompetent, humiliated him by introducing him as a new detective who did not know much when he actually had been a detective for approximately two years, and made false accusations about him. Lai also contends that Blum harassed him in other unspecified ways, causing Lai concern and aggravation. But while Lai may have subjectively found Blum's conduct so severe as to create a hostile or abusive working environment, without more specificity, his allegations do not allow the inference that a reasonable person would find his work environment hostile nor do they suggest how the harassment unreasonably interfered with his work performance. *See, e.g.*, *Boniface v. Westminster Place*, No. 18-CV-4596, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019) (dismissing plaintiff's claim because her allegations were vague and the complaint contained "no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance"). And Blum's alleged verbal assaults (i.e., telling Lai to "hurry up and finish [his] rice," and calling him "the most incompetent person on the floor" who had "no fucking business being a Detective," Doc. 38 ¶ 9) do not rise to the standard of severity required by other cases to state a harassment claim. *See Tyburski v. City of Chicago*, 964 F.3d 590, 602 (7th Cir. 2020) (several age-related comments by co-workers over the course of four years did not amount to severe or pervasive harassment); *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("[E]mployers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace."); *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677–78 (7th Cir. 2005) (regular comments by co-workers about the plaintiff's gender and age did not amount to severe or pervasive harassment but instead were "more reflective of run of the mill uncouth behavior than

6

an atmosphere permeated with discriminatory ridicule and insult"); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-cv-06500, 2014 WL 4269126, at *7 (N.D. Ill. Aug. 28, 2014) ("Plaintiff's allegations . . . while no doubt describing rude and unpleasant conduct, by themselves do not seem to rise to the level of the hostile and abusive atmosphere found in the case law"). At most, Lai's allegations show that his "supervisor[ ] w[as] mean to [him] and humiliated [him]," which does not suffice to state a claim. *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 991 (N.D. Ill. 2016). The Court therefore dismisses Lai's harassment claim without prejudice.

## B.      Discrimination

### 1.      Attempted Demotion

Next, the City argues that Lai cannot proceed on a claim of discrimination based on Blum's attempt to demote Lai in August or September 2021, contending that such a claim is untimely and that the attempted demotion does not amount to an actionable adverse action. As discussed above, the attempted demotion falls outside the 300-day limitations period. *See Koelsch*, 46 F.3d at 707. And Lai cannot rely on the continuing violation doctrine to render it actionable, given that it amounts to a separate discrete action that "starts a new clock for filing charges." *Morgan*, 536 U.S. at 113–14 (discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire"). That said, Lai can use the attempted demotion as "background evidence" to support a timely claim. *Id.* at 113. Therefore, while the Court will not strike Lai's allegations about the attempted demotion from the amended complaint, the Court clarifies that Lai cannot use the attempted demotion as an adverse action to support his discrimination claim.

## 2. Suspension

The City concedes that Lai's allegations of discrimination based on his suspension are timely. But the City argues that Lai's claim based on his suspension nonetheless fails. Title VII makes it unlawful for an employer to discriminate against an individual because of his race. *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 912 (7th Cir. 2010). To survive a motion to dismiss, a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his race]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

The City argues that Lai's claim fails because Blum did not have authority to suspend Lai but instead could only recommend a suspension, Lai does not allege that any other CPD employees held discriminatory animus against him, and Lai admitted to the underlying basis for the suspension. The City bases these arguments on additional documents Defendants attached to their motion, asking the Court to take judicial notice of a CPD Special Order addressing punishments and to consider disciplinary documents related to Lai's suspension as referenced in the amended complaint and central to it. *See* Fed. R. Evid. 201; *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022) ("[A] court may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim."). The Court does not find it appropriate to consider these documents at the motion to dismiss stage, however. And without the facts contained therein, the City's argument for dismissal of the discrimination claim based on Lai's suspension evaporates. While the City may have a meritorious defense to this claim, the Court cannot determine that based on the pleadings and must instead allow Lai to proceed to discovery on the claim.

### C.  Retaliation

The City argues that Lai cannot pursue a retaliation claim because he did not make any reference to such a claim in his amended complaint.  However, Lai need not have explicitly identified a retaliation claim as long as his allegations placed the City on notice of such a claim. *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 851 (7th Cir. 2015); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2015).  To state a Title VII retaliation claim, a plaintiff must allege that he "engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)).

Lai alleges that he reported Blum's harassment to his superiors on several occasions. Although an informal complaint may qualify as protected activity, *Davis v. Time Warner Cable of S.E. Wis., L.P.*, 651 F.3d 664, 674 (7th Cir. 2011), it is only protected if it includes a complaint of discrimination based on a protected class or sufficient facts to raise that inference, *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) ("[T]he complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class. Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." (citation omitted)).  Lai does not allege that he made clear to his superiors that the alleged harassment occurred because of his race, but even assuming that he did, his retaliation claim still cannot proceed at this time.  Lai has not alleged that he suffered any specific adverse action in connection with his internal harassment report. *See Carlson*, 758 F.3d at 828 (retaliation claim requires an adverse action and a causal connection between the protected

activity and the adverse action). Because Lai does not allege sufficient facts to put the City on notice of the retaliation claim and the grounds upon which it rests, the Court dismisses this claim.

## II. Section 1983 Claims

### A. Statute of Limitations

The City and Blum first argue that Lai cannot base his § 1983 claims on any actions that occurred over two years before he filed his complaint, in other words, before August 13, 2022. For § 1983 claims, the Court turns to state law for the relevant statute of limitations. *See Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). In Illinois, the appropriate statute of limitations is two years. *See Towne v. Donnelly*, 44 F.4th 666, 667 (7th Cir. 2022) (recognizing 735 Ill. Comp. Stat. 5/13-202 creates a two-year statute of limitations for § 1983 claims). A § 1983 claim accrues "when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Lai filed this case on August 13, 2024, meaning that he cannot base his § 1983 claims on events that occurred before August 13, 2022, including his attempted demotion.

### B. Claim against the City

A municipality like the City cannot be held liable under § 1983 based on *respondeat superior*. *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). The City may be held liable, however, when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a *Monell* claim, Lai must allege: "(1) [he] was deprived of a constitutional right; (2) the deprivation can be traced 'to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself'; (3) 'the policy or custom demonstrates municipal fault,

i.e., deliberate indifference'; and (4) 'the municipal action was the moving force behind the federal-rights violation.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (quoting *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021)).

The Court has found above that Lai has sufficiently alleged a Title VII discrimination claim based on his suspension, and that analysis applies equally to suggest a deprivation of a constitutional right for purposes of his § 1983 claim. *See Barnes v. Bd. of Trs.*, 946 F.3d 384, 389 (7th Cir. 2020) ("The legal standard for analyzing racial discrimination claims under Title VII and § 1983 is the same."). But Lai appears to base his § 1983 claim against the City not on his suspension but rather on Blum's alleged harassment of him. As the Court already concluded, however, Lai's harassment allegations fail to state a claim and so he cannot base his *Monell* claim on this underlying constitutional violation.

Even assuming that Lai has alleged an underlying constitutional violation based on harassment or that he seeks to proceed based on the suspension, his *Monell* claim fails on the second element, whether the constitutional deprivation can be attributed to municipal action. To satisfy this element, Lai must allege (1) an express policy that, when enforced, caused the constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a person with final policymaking authority caused the constitutional deprivation. *Rossi*, 790 F.3d at 737.

Lai does not contend that the City maintained an express policy of discrimination or that a final policymaker caused his injury. Instead, Lai argues that the City failed to investigate and take action in response to his complaints about Blum's harassment. Although the Seventh Circuit has reminded courts not to apply a "heightened pleading standard" to *Monell* claims,

11

*White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (quoting *Leatherman v. Tarrant Cnty.*
*Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993)), Lai's allegations nonetheless
fall short of demonstrating a widespread policy or practice.  Lai may rely on his own experiences
at the pleading stage, *id.*, but he must still include some allegations to allow the inference that the
City maintained a policy or practice of discrimination, as opposed to the inference that his
injuries arose from a random event, *see Rossi*, 790 F.3d at 737 (a *Monell* claim requires "a
widespread practice that permeates a critical mass of an institutional body," not "individual
misconduct"); *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) ("[I]t is necessarily
more difficult for a plaintiff to demonstrate an official policy or custom based only on his own
experience because what is needed is evidence that there is a true municipal policy at issue, not a
random event." (citation omitted) (internal quotation marks omitted)).  Here, the amended
complaint suggests only that CPD supervisors did not investigate Lai's specific complaints about
Blum, not that a widespread practice existed within CPD of failing to investigate harassment
complaints.  *Cf. White v. Whitefish Bay Sch. Bd.*, No. 24-CV-1076, 2025 WL 1207112, at *13
(E.D. Wis. Apr. 25, 2025) (plaintiff stated *Monell* claim by alleging "multiple incidents over
several years in which administrators in the district allegedly treated Black students more harshly
than white students and failed to investigate harassment complaints made by Black students
while investigating harassment claims made by white students").  Lai thus cannot proceed
against the City on a § 1983 claim.

### C.    Claim against Blum

Finally, Blum argues that qualified immunity protects him from Lai's § 1983
discrimination claim against him.[2]  "Qualified immunity attaches when an official's conduct does

---

[2] Blum also argues that any other timely § 1983 claims that Lai asserts against him fail for the same
reasons those claims fail under Title VII.  The Court agrees because the analysis of the two statutes tracks,

not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78–79 (2017) (citation omitted) (internal quotation marks omitted). Therefore, to survive the motion to dismiss, Lai's amended complaint must plausibly allege that Blum violated his clearly established rights. *See Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020).

Blum contends that Lai cannot show that his decision to recommend a suspension for tardiness and conduct unbecoming violates a clearly established right. But this characterization of Blum's actions does not appear in Lai's amended complaint, and so the Court cannot credit it.[3] "Because a qualified immunity defense so closely depends 'on the facts of the case,' a 'complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds.'" *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (citation omitted). Therefore, "a defendant asserting qualified immunity at the pleading stage is subject 'to a more challenging standard of review than would apply on summary judgment,' and 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.'" *Thuet v. Chi. Pub. Schs.*, No. 20 C 1369, 2020 WL 5702195, at *3 (N.D. Ill. Sept. 24, 2020) (quoting *Reed*, 906 F.3d at 549). Lai has sufficiently alleged that Blum engaged in racial discrimination, and the constitutional right to be free from racial discrimination is well-established. *See Taylor*, 999 F.3d at 487 ("The Equal Protection Clause prohibits intentional racial discrimination by state and local officials, and a person who is subjected to such discrimination may seek relief under 42 U.S.C. § 1983.");

---

*see Barnes*, 946 F.3d at 389, and so the Court focuses only on the discrimination claim related to Lai's suspension.

[3] Blum's argument also "asks the wrong question about qualified immunity," as the "question is not whether *rules of individual liability* for the conduct were clearly established at the time" but rather "whether *the wrongfulness of the defendant's conduct* was clearly established." *Taylor v. Ways*, 999 F.3d 478, 491 (7th Cir. 2021).

*id.* at 491 ("By 2011, a veritable river of precedents established that public employees may not discriminate against other employees on the basis of race."); *Alvarez v. Vill. of Palatine*, No. 22 C 2463, 2024 WL 4647856, at *13 (N.D. Ill. Oct. 31, 2024) (collecting cases). Therefore, the Court will not dismiss Lai's § 1983 claim against Blum as barred by qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the City's motion to dismiss [46]. The Court dismisses Lai's harassment, discrimination based on his attempted demotion, and retaliation claims under Title VII and § 1983 without prejudice. The Court also dismisses Lai's discrimination claim based on his suspension under § 1983 against the City without prejudice.


Dated: August 20, 2025

SARA L. ELLIS
United States District Judge

14